UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN J. ROHDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-cv-05047 |
| | ) |
| UNITARIAN UNIVERSALIST ASSOCIATION, | ) |
| UNITARIAN SERVICE PENSION SOCIETY, | ) |
| and SARAH LAMMERT, | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction), (2) (lack of personal jurisdiction), and (6) (failure to state a claim upon which relief can be granted), Defendants Unitarian Universalist Association ("UUA"), Unitarian Service Pension Society ("USPS"), and Rev. Dr. Sarah Lammert hereby move to dismiss Plaintiff Kathryn J. Rohde's Complaint in full. Most clearly, the Court should dismiss Rohde's Complaint because each of her claims require the Court to examine and review a religious institution's ecclesiastical decision to terminate Rohde's ministerial association – a review prohibited by the First Amendment's Establishment and Free Exercise Clauses.

Dismissal is also required because this Court lacks personal jurisdiction over Defendants. The only Pennsylvania-related activity alleged – UUA's "email blast" to all UU congregation leaders and ministers nationwide communicating the decision to remove Rohde's ministerial credentials – is simply not an "activity purposefully directed toward" Pennsylvania as required for personal jurisdiction under the "effects test" outlined in *Calder v. Jones*, 465 U.S. 783 (1984).

1

As such, Rohde fails to meet her burden of showing Defendants' substantial, purposeful contacts with Pennsylvania necessary to support personal jurisdiction under the Due Process Clause.

Finally, jurisdictional defects aside, Rohde's Complaint fails due to her abject failure to state cognizable claims for relief. In this regard, Rohde's allegations fall far short of stating cognizable claims for defamation, invasion of privacy – false light, breach of contract based on UUA's alleged failure to follow internal policies for removing Rohde from Fellowship, as well as her contract-based claims for her ineligibility for the USPS gratuity.

In furtherance of these arguments, Defendants rely on their Memorandum of Law in Support of Motion to Dismiss, with attached supporting exhibits, filed herewith. Defendants, pursuant to Local Rule 7.1(f), respectfully request that the Court schedule oral argument on this Motion. A Proposed Order is attached hereto.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Rohde's Complaint, with prejudice, in its entirety.

Respectfully Submitted,

UNITARIAN UNIVERSALIST ASSOCIATION,
UNITARIAN SERVICE PENSION SOCIETY and
SARAH LAMMERT,

By their attorneys,

*/s/ John M. Simon*
Kay H. Hodge (*admitted pro hac vice*)
    khodge@scmllp.com
John M. Simon *(admitted pro hac vice)*
    jsimon@scmllp.com
Stoneman Chandler & Miller, LLP
99 High Street
Boston, MA 02110
(617) 542-6789

Chelsey R. List (331455)
Locke Lord LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
Telephone: 212-415-8600
Facsimile: 212-303-2754
Email: Chelsey.List@lockelord.com

Dated: March 5, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

*/s/ John M. Simon*
John M. Simon, Esq. (*admitted pro hac vice*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN J. ROHDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-cv-05047 |
| | ) |
| UNITARIAN UNIVERSALIST ASSOCIATION, | ) |
| UNITARIAN SERVICE PENSION SOCIETY, | ) |
| and SARAH LAMMERT, | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] ORDER**

This Matter, having come before the Court on Defendants' Motion to Dismiss, and

It Appearing, upon the materials presented, argument of counsel and for good cause

shown, that the Motion should be granted,

IT IS HEREBY ORDERED AND ADJUDGED that Defendants' Motion to Dismiss is

granted, Plaintiff's claims against Defendants are dismissed in full with prejudice, with each

party to bear their own costs and attorneys' fees, and that this case is accordingly dismissed in its

entirety.

SO ORDERED, this _____ day of _____, 2024.


By:   _____
          Mitchell S. Goldberg
          United States District Judge